1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DANIEL L. AGUIRRE,                          1:11-cv-01926-AWI-DLB (HC)

10                        Petitioner,          FINDINGS AND RECOMMENDATION
                                               REGARDING RESPONDENT'S MOTION TO
11          v.                                 DISMISS

12                                             [Doc. 12]
   ROBERT H. TRIMBLE,
13
                          Respondent.
14  _____/

15
16          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17  U.S.C. § 2254.

18                                    BACKGROUND

19          Following a jury trial, Petitioner was convicted of making criminal threats (Cal. Penal

20  Code § 422) and misdemeanor battery (Cal. Penal Code § 242).  Petitioner was sentenced to

    twelve years in state prison, including enhancements for firearm use and a prior conviction.
21
            Petitioner filed a timely notice of appeal.  On September 2, 2010, the California Court of
22
    Appeal, Fifth Appellate District affirmed the judgment.
23
            On October 12, 2010, Petitioner filed a petition for review in the California Supreme
24
    Court.  The California Supreme Court denied the petition on November 17, 2010.
25
            Petitioner filed the instant federal petition for writ of habeas corpus on November 18,
26
    2011.
27
28

1

Respondent filed a motion to dismiss on February 6, 2012.  Petitioner filed an opposition on March 1, 2012, and Respondent filed a reply on March 7, 2012.

DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

2

1   factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

2   basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

3   Additionally, the petitioner must have specifically told the state court that he was raising a

4   federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133

5   F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

6   violated his due process rights "he must say so, not only in federal court but in state court."

7   <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

8   insufficient to present the "substance" of such a federal claim to a state court.  <u>See</u> <u>Anderson v.</u>

9   <u>Harless</u>, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

10  that the "due process ramifications" of an argument might be "self-evident.");  <u>Gray v.</u>

11  <u>Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

12  must include reference to a specific federal constitutional guarantee, as well as a statement of the

13  facts which entitle the petitioner to relief.").

14          Additionally, the petitioner must have specifically told the state court that he was raising

15  a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666,

16  669 (9th Cir.2000), <em>amended</em>, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th

17  Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States

18  Supreme Court reiterated the rule as follows:

19          In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
20      of state remedies requires that petitioners "fairly presen[t]" federal claims to the
        state courts in order to give the State the "'opportunity to pass upon and correct
21      alleged violations of the prisoners' federal rights" (some internal quotation marks
        omitted). If state courts are to be given the opportunity to correct alleged violations of
22      prisoners' federal rights, they must surely be alerted to the fact that the prisoners
        are asserting claims under the United States Constitution. If a habeas petitioner
23      wishes to claim that an evidentiary ruling at a state court trial denied him the due
        process of law guaranteed by the Fourteenth Amendment, he must say so, not only
24      in federal court, but in state court.

25  <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

26          Our rule is that a state prisoner has not "fairly presented" (and thus
        exhausted) his federal claims in state court <em>unless he specifically indicated to</em>
27      <em>that court that those claims were based on federal law</em>. <u>See</u> <u>Shumway v. Payne</u>,
        223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
28      <u>Duncan</u>, this court has held that the <em>petitioner must make the federal basis of the</em>

*claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

      In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner claims his constitutional rights to a fair trial and due process were violated by the trial court's refusal to instruct the jury on self-defense in connection with the charge of making criminal threats. Petitioner argues there was sufficient evidence to support the instruction and it would have been entirely consistent with his defense at trial.

Respondent argues Petitioner's sole claim is unexhausted because he failed to present it to the California Court of Appeal on direct review. In his opposition, Petitioner argues that appellate counsel raised the constitutional nature of his claim on direct appeal. Respondent is correct.

Petitioner presented the federal basis of his state-law claim for the first time in his petition for review before the California Supreme Court. The constitutional nature of the claim was not presented to the California Court of Appeal as Petitioner argued only that he was entitled to a self-defense instruction under state law. (LD 2, at 15-23.)

A federal constitutional claim is not fairly presented to the state court when it is presented only in a discretionary petition for review. See <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) ("where the [federal] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons . . . [r]aising the claim in such a fashion does not . . . constitute fair presentation); see also <u>Casey v. Moore</u>, 386 F.3d 896, 918 (9th Cir. 2004) (claim not fairly presented in Washington state courts where it was raised "for the first and only time to the state's highest court on discretionary review"). The California Supreme Court, when considering a petition for review, "normally will

1   not consider an issue that the petitioner failed to timely raise in the Court of Appeal."  Cal. Rules

2   Court, Rule 8.500(c).

3          In this instance, Petitioner did not argue the instruction was compelled under the Due

4   Process Clause to the California Court of Appeal.  Nor did Petitioner cite any federal authority to

5   support a due process challenge.  Thus, the California Court of Appeal did not address whether

6   the failure to instruct the jury on self-defense violated the federal constitution, and its harmless

7   error analysis was based solely on state law.

8          To the California Supreme Court Petitioner argued the trial court's denial of the self-

9   defense instruction denied him due process under both the California Constitution "and the

10  United States Constitution, Fourth [sic] and Fourteenth Amendments."  (LD 6 at 12.)  He also

11  argued the failure to give the requested instruction relieved the prosecution "of its statutory and

12  constitutional obligation to prove beyond a reasonable doubt, which denied [Petitioner] due

13  process.  (*Carella v. California* (1989) 491 U.S. 263, 265.)" (Id.)

14         Because Petitioner's due process claim was first presented in a discretionary petition for

15  review, it was not fairly presented to the California courts for purposes of exhaustion.  See

16  Castille v. Peoples, 489 U.S. at 351; Casey v. Moore, 386 F.3d at 918; Cal. Rules Court, Rule

17  8.500(c).  Petitioner argues that the California Rules of Court provide for circumstances in which

18  the state supreme court can grant review when it is necessary to "settle an important question of

19  law," citing Cal. Rules of Court, Rule 8.500(b)(1).  He claims that "[t]his guideline satisfies the

20  fair presentation requirement" because it allows the California Supreme Court to consider any

21  issue raised in the petition for review, regardless of whether it was previously raised in the court

22  of appeal.  Petitioner is incorrect.

23         Rule 8.500(b)(1) sets forth the grounds upon which the California Supreme Court "may

24  order review of a Court of Appeal decision."  Cal. Rules of Court, Rule 8.500(b).  Rule 8.500(b)

25  enumerates the limited circumstances under which the California Supreme Court may choose to

26  exercise its discretionary power of review:

27         The Supreme Court may order review of a Court of Appeal decision:

28         (1) When necessary to secure uniformity of decision or to settle an important question of

5

law;

(2) When the Court of Appeal lacked jurisdiction;

(3) When the Court of Appeal decision lacked the concurrent of sufficient qualified justices; or

(4) For the purpose of transferring the matter to the Court of Appeal for such proceedings as the Supreme Court may order.

Cal. Rules of Court, Rule 8.500(b).

It is clear from the plain language of the rule that the California Supreme Court will grant review to settle an important question of law only when the Court of Appeal below has first ruled on it.  Accordingly, by choosing to file a discretionary petition for review rather than an original habeas proceeding in the California Supreme Court, Petitioner failed to exhaust the state court remedies with respect to his claim.  Thus, the instant petition for writ of habeas corpus must be dismissed without prejudice so Petitioner may return to the state courts to properly exhaust the claim.  See Raspberry v. Garcia, 458 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into petitioner's intentions.  Instead, it may simply dismiss the federal habeas petition for failure to exhaust."); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (if habeas petition contains no exhausted claims, and the state moves for dismissal on that basis, the district court is "obliged to dismiss immediately.").

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss the instant petition for failure to exhaust the state judicial remedies be GRANTED; and

2.      The Clerk of Court be directed to dismiss this action without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
and filed within fourteen (14) days after service of the objections.  The Court will then review the
Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
failure to file objections within the specified time may waive the right to appeal the District
Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:**   **March 13, 2012**            _/s/_ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

7